UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| MARY BELL, Mother and Personal Representative of the Estate of Timothy U. Bell, <br><br> Plaintiff, <br><br> v. <br><br> JOHN ZUERCHER, et al., <br><br> Defendants. | Civil No. 10-72-ART <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Timothy Bell alleged that federal employees at the U.S. Penitentiary-Big Sandy were deliberately indifferent to his requests for medical attention while he was an inmate. After his death, his mother, Mary Bell, carried on the suit in his name. She now asks the Court to set aside a previous opinion granting summary judgment in favor of a number of defendants. But Bell has not presented any new arguments or new evidence that warrants setting aside the Court's previous rulings. The motion is therefore denied.

Additionally, Doctors Norbert Rosario, Pablo Cruz Burgos, and Daniel DeOliveira asked to dismiss claims Bell brought under the Federal Torts Claims Act. Their request is granted in part because Rosario, Cruz, and DeOliveira are not proper FTCA defendants. Bell may, however, pursue her FTCA claim against the United States.

## BACKGROUND

Timothy Bell was a prisoner in Big Sandy's satellite work camp in July 2008 when he noticed a swollen mass under his right arm. R. 58 ¶ 6. Dr. Norbert Rosario examined Bell and requested a biopsy of the mass, labeling the request a "Priority!!!" *Id.* A month later, Dr. Pablo Cruz Burgos and Nurse S. Sloane granted the request, designating a "Priority 1 - Mandatory (1-30 days) procedure." *Id.* ¶ 9. Yet this procedure never happened. In December 2008, Bell informally met with counselor Alma Evans for help, but with no success. *Id.* ¶ 10.

In May 2009, Bell met with Dr. Daniel DeOliveira who also recommended a biopsy of the tumor. Still, the procedure never happened. *Id.* ¶ 11. Two months later, Bell sent a "cop-out" form to Warden Zuercher, as well as Heffington, Linaweaver, and Batts—all supervisors at the Big Sandy satellite camp—detailing his problems seeking treatment. *Id.* ¶ 12. On July 21, Zuercher responded, telling Bell that "the exam has been ordered and is pending scheduling." R. 68-2 at 3. Yet no biopsy ever occurred while Bell was at Big Sandy.

The Bureau of Prisons ("BOP") eventually transferred Bell to the Federal Correctional Institution-Ashland, and in October 2009, Bell finally received a biopsy. R. 58 ¶ 13. By then, Bell had stage III to stage IV non-Hodgkin's lymphoma. R. 1 ¶ 7. Bell was released from BOP custody on November 10, 2009.

On June 2, 2010, Bell filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his Eighth Amendment right against cruel and unusual punishment by deliberately failing to respond to his serious medical needs. R. 1. In December 2008, Timothy Bell died from his illness. R. 47. His mother, Mary Bell,

became the personal representative of his estate in July 2011 and filed an amended complaint. R. 58 ¶ 2.

The defendants moved to dismiss the amended complaint. R. 67. The Court converted it to a Rule 56 motion, *see* Fed. R. Civ. P. 12(d), and granted summary judgment in favor of Defendants Batts, Cruz, Evans, Linaweaver, Rosario, and Slone because the claims against these defendants fell outside the one-year statute of limitations. R. 73. The Court also granted summary judgment in favor of Heffington in his supervisory capacity. *Id.* Only Zuercher, DeOliveira, and Heffington in his personal capacity remained as defendants.

Because the Court converted the motion to dismiss *sua sponte*, Bell had ten days to file a motion to set aside any of the judgments if she could show that additional discovery could save her claim. Bell filed a timely motion to set aside judgment with respect to Dr. Rosario. R. 74. The Court granted the motion and allowed discovery for the limited purpose of determining whether Dr. Rosario examined Timothy Bell after June 2, 2009. R. 79. On February 3, 2012, Bell filed a separate complaint, this time under the Federal Torts Claims Act, naming the United States, Dr. Rosario, Dr. Cruz, and Dr. DeOliveira as defendants. These FTCA claims were consolidated into this action. R. 95.

After deposing Dr. Rosario, Bell submitted a motion to set aside the Court's previous summary judgment opinion in its entirety. R. 96. Additionally, Rosario and Cruz filed a motion to dismiss the FTCA claims. R. 97. DeOliveira answered the FTCA complaint, but asserted in his answer that the FTCA claim against him should

be dismissed for failure to state a claim. *See Bell v. United States*, Pikeville Civil No. 12-17-KKC (E.D. Ky. 2012), R. 5 at 1, 5.

## DISCUSSION

**I.**     **Bell's Motion to Set Aside the Previous Judgment**

A court may alter or amend its judgment under Rule 59(e) based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Bell appears to invoke a combination of the first and second factors in an attempt to set aside the Court's Judgment. Specifically, Bell asserts that the Prison Litigation Reform Act extends the statute of limitations. R. 96 at 4. According to Bell, the PLRA bars inmates from filing suits for damages absent proof of physical injury. *Id.* at 4 (citing 42 U.S.C. § 1997e(e)). As a result, Timothy Bell could not assert his claims until he had proof of his cancer. And Dr. Rosario definitively established in his deposition that "[w]ithout the biopsy there was no way [Timothy Bell] would have known that he had cancer." Rosario Dep., R. 100-1 at 18. Therefore, Timothy Bell's cause of action did not accrue until the October 8, 2009 biopsy, the argument goes, and the complaint was filed well within one year of this date.

Bell is incorrect. First, the PLRA does not apply in this case. As the Court stated in its previous opinion, "the PLRA does not apply to former prisoners, even though the claim may have arisen while the plaintiff was previously incarcerated." R. 73 at 5 (quoting *Dishman v. Corr. Corp. of Am.*, 2010 WL 3294679, at *5 (E.D.

4

Ky. Aug. 20, 2010)). Of course, if the PLRA did apply, then Bell could not maintain these claims because he failed to exhaust his administrative remedies before filing his suit. *Id.* But because the PLRA does not apply, the Court determined that the PLRA's exhaustion requirement also does not apply. *Id.* at 6. Having benefitted from this determination, Bell cannot now cherry-pick a more favorable section of the PLRA. With the PLRA out of play, Bell must take the bitter with the sweet.

Second, Timothy Bell's claims are *Bivens* actions asserting that federal prison officials' *deliberate indifference* constituted a violation of his Eighth Amendment rights. R. 1 at 7. This type of action does not need any physical injury in order for a cause of action to accrue. *See Savoie v. Martin*, 673 F.3d 488, 495 (6th Cir. 2012) ("To establish deliberate indifference, the plaintiff 'must show prior instances of unconstitutional conduct demonstrating that the [employer] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and *likely* to cause injury.'" (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)) (emphasis added)). Violations accrued in this case when Bell knew or should have known that his pleas for medical treatment fell on deaf ears. R. 73 at 7. As the Court previously explained, this was in December 2008, when Timothy Bell sought an informal meeting with Evans, *id.* at 8, and in July 2009, when he sent a letter to Warden Zuercher, *id.* at 7. It is irrelevant for statute-of-limitations purposes when, or even if, Timothy Bell discovered that the deliberate indifference caused a physical injury. The deliberate indifference was the injury in and of itself.

Bell has not demonstrated that the Court erred in its previous ruling. Further, the "new evidence" obtained from Dr. Rosario does not affect the analysis. Bell's motion to set aside the previous Judgment is therefore denied.

## II.     Motions to Dismiss FTCA Claims

Under Federal Rule of Civil Procedure 12(b)(6), the Court reviews whether Bell's FTCA complaint alleges "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To meet this standard, Bell must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). At this early stage of litigation, the Court construes these factual allegations "in the light most favorable to" Bell and draws "all reasonable inferences in favor of" Bell. *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 456 (6th Cir. 2011) (quoting *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009)).

In their motion, Drs. Rosario and Cruz ask the Court to dismiss Bell's FTCA claim in its entirety or in the alternative to dismiss themselves as named defendants. R. 97-1 at 1. The Court will not dismiss the claim entirely because Bell has alleged a proper FTCA claim against the United States. But the individual doctors are not proper defendants, so the Court will dismiss them.

### A.     The United States Is a Proper Defendant

In essence, the doctors assert that Bell cannot maintain both a *Bivens* action and a FTCA action when both actions are based on the doctors' conduct.

6

Specifically, the doctors argue that "*Bivens*-type constitutional claims are not cognizable under the FTCA." R. 97-1 at 5-6.

The doctors are incorrect. In *Harris v. United States*, 422 F.3d 322, 324 (6th Cir. 2005), the Sixth Circuit stated that there are "two avenues to recover damages for constitutional torts committed by employees of the federal government." A plaintiff can "sue the employee directly" under *Bivens* and can sue the United States under the FTCA. *Id.* Indeed, examples abound of plaintiffs pursuing both a *Bivens* claim against a federal employee and a FTCA claim against the federal government for the same underlying conduct. *See, e.g.*, *Johnson v. Hayden*, 174 F. App'x 282 (6th Cir. 2006); *Harris*, 422 F.3d at 324; *Ruff v. Runyon*, 258 F.3d 498 (6th Cir. 2001); *Serra v. Pichardo*, 786 F.2d 237, 238 (6th Cir. 1986).

However, pursuing both a *Bivens* and a FTCA claim for the same underlying conduct is not without consequences. A judgment in a claim brought under the FTCA constitutes "a complete bar to any action by the claimant" against the federal employee whose act gave rise to the claim. 28 U.S.C. § 2676; *see also United States v. Gillman*, 347 U.S. 507, 509 (1954) ("The Tort Claims Act does not touch the liability of the employees except in one respect: by 28 U.S.C. § 2676 it makes the judgment against the United States 'a complete bar' to any action by the claimant against the employee."). This means that if a judgment is entered on Bell's FTCA claims before the *Bivens* claims are resolved, the *Bivens* claims are precluded. *See Harris*, 422 F.3d at 333 ("Even though the district court incorrectly dismissed Harris's *Bivens* claims, we do not reinstate them because they are barred by the court's adjudication of his FTCA claims."). And if Bell's *Bivens* claims are resolved

7

before the FTCA claims, the "customary rules of preclusion and the terms of the settlement," if any, will govern whether the FTCA claims may continue. *Id.* The bar in § 2676 applies in even where, as could be the case here, "the claims [are] tried together in the same suit and [] the judgments [are] entered simultaneously." *Serra*, 786 F.2d at 241; *see also Aetna Cas. & Sur. Co. v. United States*, 570 F.2d 1197, 1201 (4th Cir. 1978) (holding that "a judgment against the United States would automatically bar the entry of any contemporaneous or subsequent judgment" against the government employees). Thus, even though Bell may pursue both her *Bivens* and FTCA claims, she is ultimately limited to recovery on only one type of action.

### B.     The Doctors Are Not Proper Defendants

Bell named the United States and three individuals as defendants in her FTCA claim. But the "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (citing 28 U.S.C. § 2679(a)); *see also, e.g.*, *Smith v. United States,* 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action." (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."); *Twomey v. F.B.I.,* 27 F. App'x 331, 332 (6th Cir. 2001) ("[T]he United States is the only proper defendant in [FTCA] claims."); *Mars v. Hanberry*, 752 F.2d 254, (6th Cir. 1985) ("The United States is the only proper party in an action pursuant to the Federal Tort Claims Act . . . ."). As a result, Bell cannot maintain her FTCA actions

against the individual doctors. The Court grants Rosario and Cruz's motion to dismiss with respect to the FTCA claims alleged against them individually.

DeOliveira also requested that the Court dismiss the FTCA claims against him, but he did so in his answer as opposed to filing a separate motion. *See Bell*, Pikeville Civil No. 12-17-KKC, R. 5 at 1, 5. Bell did not respond to this request, but this is likely due to a simple oversight. Still, the Court will grant DeOliveira's request because it is clear that he is not a proper defendant in an FTCA suit.

## CONCLUSION

Accordingly, Bell's motion to set aside, R. 96, is **DENIED**. Rosario and Cruz's motion to dismiss, R. 97, is **DENIED IN PART AND GRANTED IN PART**. DeOliveira's request to dismiss Bell's FTCA claims against him, Pikeville Civil No. 12-17-KKC, R. 5 at 1, 5, is **GRANTED**.

In accordance with this ruling and the Court's previous rulings, John Zuercher, Phillip Heffington, Dr. Norbert Rosario, and Dr. Daniel DeOliveira remain the only defendants in Bell's *Bivens* claims. *See* RR. 73, 79. The United States is the only defendant remaining in Bell's FTCA claim.

This the 22nd day of May, 2012.



Signed By:
*Amul R. Thapar*  AT
United States District Judge